APPEAL,CLOSED,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25−cv−00552−SLS
## Internal Use Only

| | |
|---|---|
| PINK CHEETAH EXPRESS, LLC v. TOTAL QUALITY LOGISTICS, LLC<br>Assigned to: Judge Sparkle L. Sooknanan<br>Cause: 28:2201 Declaratory Judgment | Date Filed: 02/25/2025<br>Date Terminated: 09/12/2025<br>Jury Demand: None<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **PINK CHEETAH EXPRESS, LLC** | represented by | **Laurence Lauro Socci**<br>THE SOCCI LAW FIRM<br>P.O. Box 14051<br>Washington, DC 20044<br>(202) 262−5843<br>Email: laurence.socci@soccilawfirm.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **TOTAL QUALITY LOGISTICS, LLC** | represented by | **Kseniya Kuprovska**<br>BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC<br>901 K Street, NW<br>Suite 900<br>Washington, DC 20001<br>423−767−0034<br>Email: nkuprovska@bakerdonelson.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 02/25/2025 | 1 | COMPLAINT against Total Quality Logistics ( Filing fee $ 405 receipt number BDCDC−11501881) filed by Pink Cheetah Express, LLC. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons Summons)(Socci, Laurence) (Entered: 02/25/2025) |
| 02/26/2025 | | Case Assigned to Judge Sparkle L. Sooknanan. (zmtm) (Entered: 02/26/2025) |
| 02/26/2025 | 2 | SUMMONS (1) Issued Electronically as to TOTAL QUALITY LOGISTICS, LLC. (Attachments: # 1 Notice and Consent)(zmtm) (Entered: 02/26/2025) |
| 03/25/2025 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. TOTAL |

| | | |
|---|---|---|
| | | QUALITY LOGISTICS, LLC served on 3/14/2025, answer due 4/4/2025 (Socci, Laurence) (Entered: 03/25/2025) |
| 04/04/2025 | 4 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by TOTAL QUALITY LOGISTICS, LLC (Kuprovska, Kseniya) (Entered: 04/04/2025) |
| 04/04/2025 | 5 | MOTION to Dismiss by TOTAL QUALITY LOGISTICS, LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Memorandum in Support Statement of Points and Authorities in Support of Motion to Dismiss, # 3 Text of Proposed Order)(Kuprovska, Kseniya) (Entered: 04/04/2025) |
| 04/18/2025 | 6 | RESPONSE re 5 MOTION to Dismiss filed by PINK CHEETAH EXPRESS, LLC. (Attachments: # 1 Memorandum in Support Memorandum in Support Opposition Motion to Dismiss, # 2 Text of Proposed Order Proposed Order Opposition Motion to Dismiss)(Socci, Laurence) (Entered: 04/18/2025) |
| 04/25/2025 | 7 | REPLY to opposition to motion re 5 Motion to Dismiss *(Reply In Support of Motion to Dismiss)* filed by TOTAL QUALITY LOGISTICS, LLC. (Kuprovska, Kseniya) (Entered: 04/25/2025) |
| 09/12/2025 | 8 | MEMORANDUM OPINION re the 5 Motion to Dismiss by Total Quality Logistics. See the attached document for details. Signed by Judge Sparkle L. Sooknanan on 9/12/2025. (lcak) (Entered: 09/12/2025) |
| 09/12/2025 | 9 | ORDER granting the 5 Motion to Dismiss by Total Quality Logistics. See the 8 Memorandum Opinion for details. Signed by Judge Sparkle L. Sooknanan on 9/12/2025. (lcak) (Entered: 09/12/2025) |
| 09/24/2025 | 10 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 9 Order on Motion to Dismiss, 8 Memorandum & Opinion by PINK CHEETAH EXPRESS, LLC. Filing fee $ 605, receipt number ADCDC–11979809. Fee Status: Fee Paid. Parties have been notified. (Socci, Laurence) Modified on 9/24/2025 to add docket link (zjm). (Entered: 09/24/2025) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PINK CHEETAH EXPRESS, LLC
           Plaintiff

vs.                                             Civil Action No. 25-552 (SLS)

TOTAL QUALITY LOGISTICS, LLC
           Defendant

## NOTICE OF APPEAL

Notice is hereby given this  24th  day of  September , 20 25 , that

Pink Cheetah Express, LLC

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  12th  day of  September , 20 25

in favor of  Total Quality Logistics, LLC

against said  Pink Cheetah Express, LLC

                                            /s/ Laurence L. Socci
                                            Attorney or Pro Se Litigant
                                            Socci Law Firm
                                            P.O. Box 14051
                                            Washington, DC 20044
                                            (202) 262-5843

                                            Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Kseniya Kuprovska, Esq.
Baker Donelson Bearman Caldwell & Berkowitz
901 K. St., NW Suite 900
Washington, DC 20001
nkuprovska@bakerdonelson.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PINK CHEETAH EXPRESS, LLC, *Plaintiff*, v. TOTAL QUALITY LOGISTICS, LLC, *Defendant*. | Civil Action No. 25-552 (SLS) Judge Sparkle L. Sooknanan |

## ORDER

For the reasons stated in the Court's Memorandum Opinion, ECF No. 8, the Court **GRANTS** the Defendant's Motion to Dismiss, ECF No. 5. The Court **ORDERS** that the Plaintiff's Complaint is dismissed. The Court directs the Clerk of the Court to terminate this case from the active docket.

**SO ORDERED.**

SPARKLE L. SOOKNANAN
United States District Judge

Date: September 12, 2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PINK CHEETAH EXPRESS, LLC,

*Plaintiff*,

v.

TOTAL QUALITY LOGISTICS, LLC,

*Defendant*.

Civil Action No. 25‑552 (SLS)

Judge Sparkle L. Sooknanan

## ORDER

For the reasons stated in the Court's Memorandum Opinion, ECF No. 8, the Court **GRANTS** the Defendant's Motion to Dismiss, ECF No. 5. The Court **ORDERS** that the Plaintiff's Complaint is dismissed. The Court directs the Clerk of the Court to terminate this case from the active docket.

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   September 12, 2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PINK CHEETAH EXPRESS, LLC,

*Plaintiff*,

v.

TOTAL QUALITY LOGISTICS, LLC,

*Defendant*.

Civil Action No. 25-552 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Pink Cheetah Express (Pink Cheetah) is a motor-carrier company that contracted with Total Quality Logistics (Total Quality) to haul a load of ice cream. After transporting the ice cream, Pink Cheetah sought certain records from Total Quality under 49 C.F.R. § 371.3, a regulation promulgated by the Department of Transportation (DOT) that requires freight brokers to maintain and disclose certain records upon request. But Total Quality refused, arguing that Pink Cheetah waived any right to these disclosures in the broker agreement governing the transaction. Pink Cheetah submitted a complaint to the Secretary of Transportation, and DOT's Federal Motor Carrier Safety Administration (FMSCA) emailed Total Quality with guidance to remove the contractual waiver and comply with the regulation. After Total Quality ignored FMSCA's email, Pink Cheetah brought this action for declaratory and injunctive relief, arguing that FMSCA's email was an actionable "order" that it may enforce under the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14704(a)(1). Total Quality Logistics now moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). For the reasons below, the Court grants the motion under Rule 12(b)(6) and dismisses the case.

## BACKGROUND

### A. Statutory and Regulatory Background

The Interstate Commerce Commission (ICC) Termination Act of 1995 provides a cause of action to "[a] person injured because a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 does not obey an order of the Secretary or the Board, as applicable, under this part." 49 U.S.C. § 14704(a)(1). The Act "abolish[ed] the Interstate Commerce Commission[,]" a regulatory agency that originally resolved these disputes. ICC Termination Act of 1995, Pub. L. No. 104–88, 109 Stat 803 (1995). The House Transportation and Infrastructure Committee explained the provision's purpose:

> The bill transfers responsibility for all the areas in which the ICC resolves disputes to the Secretary (except passenger intercarrier disputes). The Committee does not believe that DOT should allocate scarce resources to resolving these essentially private disputes, and specifically directs that DOT should not continue the dispute resolution functions in these areas. The bill provides that private parties may bring actions in court to enforce the provisions of the Motor Carrier Act. This change will permit these private, commercial disputes to be resolved the way that all other commercial disputes are resolved—by the parties.

H.R. Rep. No. 104–311, at 87–88 (1995), *reprinted in* 1995–2 U.S.C.C.A.N. 793, 799–800. The Act thus establishes a hybrid enforcement mechanism, depending on collaboration between DOT and private actors to enforce motor carrier regulations.

DOT has promulgated regulations to carry out its statutory duties, including 49 C.F.R. § 371.3. That regulation governs "[r]ecords to be kept by brokers" and grants "each party to a brokered transaction . . . the right to review the record of the transaction[,]" which includes "compensation" and the "freight charges collected." *Id.*

### B. Factual Background

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The

2

Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Pink Cheetah is a for-hire motor carrier based in the District of Columbia. Compl. ¶ 5, ECF No. 1. Total Quality is a freight broker that acts as a commodity transport intermediary licensed by FMSCA. Compl. ¶ 6. In January 2023, Pink Cheetah contracted with Total Quality to haul one truck load of ice cream. Compl. ¶ 7. In relevant part, their broker agreement contained the following waiver:

> BROKER is not required to disclose its charges to CUSTOMERS, commissions, or brokerage revenue, and CARRIER waives its right to receive, audit, and/or review information and documents to be kept as provided in 49 C.F.R. § 371.3.

Compl., Ex. A, § 4(c).

Following the delivery, Pink Cheetah requested transactional records under § 371.3. Compl. ¶ 7. Total Quality refused, taking the position that the broker agreement waived any disclosure requirements it had under § 371.3. *Id.* Pink Cheetah then filed a complaint against Total Quality with the Secretary of Transportation for failure to comply with § 371.3. Compl., Ex. B. In November 2023, FMSCA acted on this complaint by sending an email to Total Quality. Compl., Ex. D. In relevant part, the email stated:

> Please ensure compliance with the Federal Motor Carrier regulations and follow the below guidance and regulations. . . .
>
> **Remove the [§ 371.3 waiver] from any and all Broker/Carrier Agreements which . . . may be a violation of [49 U.S.C.] § 14906** . . . .
>
> **Ensure compliance with the [§ 371.3] regulation and provide transaction records to any carrier when requested.**

*Id.* (emphasis in original). But Total Quality continued to deny Pink Cheetah's requests for transaction records and blocked Pink Cheetah from further communications. Compl. ¶¶ 16, 19, 21.

3

### C. Procedural Background

Pink Cheetah brought this lawsuit under the ICC Termination Act, 49 U.S.C. § 14704, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Pink Cheetah asks this Court to: (1) order Total Quality to turn over the requested records, (2) order Total Quality to remove the waiver from its contracts, (3) order Total Quality to comply with FMSCA's email in all future transactions for all motor carriers, (4) award attorney fees and costs, and (5) grant any other relief the Court deems proper. Compl. at 10–11. Total Quality has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6). Mot. Dismiss (Mot.), ECF No. 5. The motion is fully briefed and ripe for review. Opp'n, ECF No. 6; Reply, ECF No. 7.

## LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quotation omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint.'" *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

Total Quality urges dismissal on several grounds, including improper venue under Rule 12(b)(3) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court dismisses under Rule 12(b)(6) because Pink Cheetah lacks a cause of action under the

4

ICC Termination Act. The Court thus need not address Total Quality's venue arguments under Rule 12(b)(3). *See Mowatt v. U.S. Parole Comm'n*, 815 F. Supp. 2d 199, 204 (D.D.C. 2011).[1]

### A.   ICC Termination Act

The ICC Termination Act authorizes private civil actions when a covered carrier or broker "does not obey an order of the Secretary" of Transportation. 49 U.S.C. § 14704(a)(1). Pink Cheetah argues that FMSCA's November 2023 email to Total Quality constitutes an actionable "order" under § 14704(a)(1). Opp'n at 13–17. And it alleges that Total Quality failed to comply with FMSCA's email. Compl. ¶ 16. Total Quality points out that the email, by its own terms, is merely "guidance," and contends that it is not enforceable under the statute. Mot. at 13–17. The Court agrees.

The ICC Termination Act does not define the term "order," but the ordinary meaning is "[a]n authoritative direction; an injunction, or mandate; an oral or written command; an instruction." *Order*, Oxford English Dictionary, https://doi.org/10.1093/OED/6605008216 (last visited Aug. 28, 2025). The November 2023 email does not authoritatively identify a regulatory violation but instead suggests the waiver's language "may be a violation" of the statute. Compl., Ex. D. Then, the email simply reminds Total Quality of its pre-existing obligation to "[e]nsure compliance with the [] regulation and provide transaction records to any carrier when requested." *Id.* Indeed, the email characterizes at least part of these obligations as "guidance" rather than an

---

[1] Total Quality also seeks dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1). Mot. at 1. Normally, the Court would "consider Rule 12(b)(1) jurisdictional challenges before" other grounds to dismiss. *Raines v. U.S. Dep't of Just.*, 424 F. Supp. 2d 60, 63 n. 2 (D.D.C. 2006). But that rule is inapplicable here where Total Quality moves to dismiss for lack of statutory standing. *See* Reply at 6. Statutory standing is non-jurisdictional, and so the Court addresses it under Rule 12(b)(6). *See United States v. Emor*, 785 F.3d 671, 677–78 (D.C. Cir. 2015); *Leyse v. Bank of Am. Nat.'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1109 (9th Cir. 2013).

5

authoritative command. *Id.* It follows, then, that FMSCA's email was not an actionable "order" under § 14704(a)(1).

This is consistent with how the D.C. Circuit has interpreted the term "order" in the regulatory context. In *Rhea Lana, Inc. v. Dep't of Lab.*, for example, the plaintiffs received two letters from the Department of Labor: one warning that their employees "might not have been paid as required by" the Fair Labor Standards Act (FLSA) and another that "direct[ed] [their] attention to section 16(e) of the FLSA and Regulations" alongside potential penalties. 824 F.3d 1023, 1026 (D.C. Cir. 2016). The plaintiffs there argued that the second letter provided them with a cause of action under the Administrative Procedure Act because: (1) the letter amounted to an actionable "order to comply," and (2) it resulted in legal consequences making it final. *Id.* at 1027–28. The court accepted the second argument, but—as relevant here—rejected the first. *Id.* at 1028.

The Court explained that such a letter does not "resemble[]" a "compliance order, but 'the type of workaday advice . . . that agencies prepare countless times per year in dealing with the regulated community.'" *Id.* (quoting *Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004)). And it warned that "[t]reating such reminders of regulated parties' legal obligations" as actionable "would discourage their use, quickly muzzling informal communications between agencies and their regulated communities that are vital to the smooth operation of both government and business." *Id.* (cleaned up).

Applying that reasoning here, the November 2023 email is closer to advice or guidance than an "order compelling [the regulated entity] to do anything."[2] *Indep. Equip. Dealers Ass'n*,

---

[2] Nothing in the ICC Termination Act suggests that this Court should deviate from the D.C. Circuit's sound reasoning in this context. Indeed, Pink Cheetah relies on the Administrative Procedure Act's definition of an "order" in arguing against dismissal. Opp'n at 16 (citing 5 U.S.C. § 551).

6

372 F.3d at 428 (quoting *Reliable Automatic Sprinkler Co. v. CPSC*, 324 F.3d 726, 732 (D.C. Cir. 2003)). This sort of "workaday advice" by an agency official cannot be an actionable "order," *Rhea Lana*, 824 F.3d at 1028 (quotation omitted), that gives rise to a claim under 49 U.S.C. § 14704(a)(1). Since Pink Cheetah lacks a cause of action to enforce the November 2023 email, the Court dismisses its claim under Rule 12(b)(6).[3]

### B. Declaratory Judgment Act

Pink Cheetah alternatively argues that it should survive the motion to dismiss because it brings an additional claim under the Declaratory Judgment Act. Opp'n at 9. But "the Declaratory Judgment Act standing alone [cannot] supply a cause of action"; "the availability of declaratory relief presupposes the existence of a judicially remediable right." *Citizens for Resp. & Ethics in Washington v. Trump*, 302 F. Supp. 3d 127, 135 (D.D.C. 2018) (cleaned up). And "[c]ourts in this Circuit have understood a 'judicially remediable right' to require the plaintiff to assert some underlying cognizable claim that arises under the Constitution or federal law." *Westinghouse Elec. Co. LLC v. Korea Elec. Power Corp.*, 694 F. Supp. 3d 48, 52 (D.D.C. 2023) (cleaned up). Because Pink Cheetah lacks a cause of action under any other statute, it may not seek declaratory relief.

---

[3] It troubles the Court that regulated entities may attempt to evade regulatory obligations by embedding waivers in contractual agreements. Some courts have suggested that a regulation promulgated through a formal rulemaking process may serve as an "order" that gives rise to a cause of action under § 14704(a)(1). *See Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.*, 161 F. Supp. 2d 948, 955 (S.D. Ind. 2001). But Pink Cheetah identifies only the November 2023 email as the applicable "order" it seeks to enforce under § 14704(a)(1). Compl. at 10–11. And its briefing seems to disclaim the theory that "rule making" may constitute an "order." Opp'n at 16 (quoting 5 U.S.C. § 551). So that argument is not before the Court.

7

## CONCLUSION

For the foregoing reasons, the Court grants the Defendant's Motion to Dismiss, ECF No. 5. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   September 12, 2025